JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Microsoft Corporation

(b) County of Residence of First Listed Plaintiff King (WA)
(EXCEPT IN U.S. PLAINTIFF CASES)

**DEFENDANTS**

Cyber Den Enterprises Inc., d/b/a PC Parts N Services
James Ortega; and Ellie Ortega

County of Residence of First Listed Camden (NJ)
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Montgomery, McCracken, Walker & Rhoads, LLP
LibertyView
457 Haddonfield Road, Suite 600
Cherry Hill, NJ 08002/(856) 488-7700

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury—Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☒ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Trademark Infringement pursuant to 15 U.S.C. § 1114;
Copyright Infringement pursuant to 17 U.S.C. § 501.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE April 23, 2004

SIGNATURE OF ATTORNEY OF RECORD JAMES D. CASHEL jcashel@mmwr.com [signature]

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

JS 44 Reverse (Rev. 3/99)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**MONTGOMERY, McCRACKEN, WALKER & RHOADS, LLP**
(A Limited Liability Partnership formed in Pennsylvania)
BY: RICHARD S. HYLAND, RH-2185
JAMES D. CASHEL, JC-5083
LibertyView, Suite 600
457 Haddonfield Road
Cherry Hill, New Jersey 08002
(856) 488-7700
ATTORNEYS FOR PLAINTIFF MICROSOFT CORPORATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CYBER DEN ENTERPRISES INC., d/b/a PC PARTS N SERVICES; JAMES ORTEGA, an individual; and ELLIE ORTEGA, an individual,<br><br>Defendants. | Civil Action No.<br><br>COMPLAINT |

1. This is an action by Microsoft Corporation ("Microsoft") to recover damages arising from infringement of Microsoft's copyrights and trademarks in its software by Cyber Den Enterprises Inc., a New Jersey corporation doing business as PC Parts N Services, James Ortega, an individual, and Ellie Ortega, an individual, (collectively, the "Defendants") and to enjoin Defendants' future infringement.

2. Defendants distributed infringing Microsoft software, despite the fact that Microsoft notified Defendants of their infringing conduct.

3. By their conduct, Defendants have infringed Microsoft's copyrights and trademarks, violated the Lanham Act by falsely designating the origin of software, and engaged in unfair competition. Microsoft seeks damages, an accounting, the imposition of a constructive trust upon Defendants' illegal profits, and injunctive relief.

**THE PARTIES**

4. Microsoft is a Washington corporation with its principal place of business located at One Microsoft Way, Redmond, Washington. Microsoft develops, markets, distributes and licenses computer software.

5. Upon information and belief, defendant Cyber Den Enterprises Inc. is a New Jersey corporation doing business as PC Parts N Services ("PC Parts N Services"), with its principal place of business at 2500 Route 130, Cinnaminson, New Jersey 08077, and on the Internet at www.pcpns.com. Upon information and belief, defendant PC Parts N Services is engaged in the business of advertising, marketing, installing, and distributing computer hardware and software, including purported Microsoft software.

6. Upon information and belief, defendant James Ortega resides at 2500 Route 130, Cinnaminson, New Jersey 08077. Upon information and belief, defendant James Ortega owns, operates, or otherwise controls PC Parts N Services. Upon information and belief, defendant James Ortega (a) personally participated in and/or had the right and ability to direct and control the wrongful conduct alleged in this Complaint, and (b) derived direct financial benefit from that wrongful conduct. Upon information and belief, defendant James Ortega resides and transacts substantial business in this district.

7. Upon information and belief, defendant Ellie Ortega resides at 2500 Route 130, Cinnaminson, New Jersey 08077. Upon information and belief, defendant Ellie Ortega owns, operates, or otherwise controls PC Parts N Services. Upon information and belief, defendant Ellie Ortega (a) personally participated in and/or had the right and ability to direct and control the wrongful conduct alleged in this Complaint, and (b) derived direct financial benefit from that wrongful conduct. Upon information and belief, defendant Ellie Ortega resides and transacts substantial business in this district.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over Microsoft's claims for trademark infringement, copyright infringement and related claims pursuant to 15 U.S.C. § 1121, 17 U.S.C. § 501, and 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has supplemental jurisdiction over Microsoft's claims arising under the laws of the State of New Jersey pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Microsoft's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because (a) the acts of infringement and other wrongful conduct alleged occurred in the District of New Jersey; (b) the Defendants may be found in the District of New Jersey; and (c) the Defendants have a sufficient connection with the District of New Jersey to make venue proper in this district, all as alleged in this Complaint.

## FACTS COMMON TO ALL CLAIMS

11. Microsoft develops, advertises, markets, distributes, and licenses a number of computer software programs. Microsoft's software programs are recorded on magnetic diskettes

and/or CD-ROMs, and they are packaged and distributed together with associated proprietary materials such as user's guides, user's manuals, end user license agreements, certificates of authenticity, and other related components.

12. Microsoft Windows 2000 Professional: One of Microsoft's software programs is Microsoft Windows 2000 Professional ("Windows 2000 Professional"). Windows 2000 Professional is an operating system for business desktop and laptop systems that performs a number of operations, including, but not limited to, running software applications, connecting to Internet and intranet sites, and accessing files, printers and network resources. Microsoft holds a valid copyright in Microsoft Windows 2000 Professional (including user's reference manuals, user's guides, and screen displays) that was duly and properly registered with the United States Copyright Office. A true and correct copy of the Copyright Registration Certificate for Microsoft Windows 2000 Professional, which bears Registration No. TX 5-036-267, is attached hereto as Exhibit 1 and is incorporated herein by reference.

13. Microsoft has also duly and properly registered a number of trademarks and a service mark in the United States Patent and Trademark Office on the Principal Register, including, but not limited to:

A. "MICROSOFT," Trademark and Service Mark Registration No. 1,200,236, for computer programs and computer programming services;

B. "MICROSOFT," Trademark Registration No. 1,256,083, for computer hardware and software manuals, newsletters, and computer documentation;

C. "WINDOWS," Trademark Registration No. 1,872,264 for computer programs and manuals sold as a unit;

D. COLORED WINDOWS LOGO, Trademark Registration No. 1,815,350, for computers, computer peripherals, and computer programs and manuals sold as a unit;

E. WINDOWS FLAG LOGO, Trademark Registration No. 1,816,354, for computers, computer peripherals, and computer programs and manuals sold as a unit;

True and correct copies of the Trademark Registrations for A through E above are attached hereto as Exhibits 2 through 6 respectively, and are incorporated herein by reference.

**Defendants' Infringement**

14. Defendants are engaged in the advertising, marketing, installation and distribution of computer software, including programs covered by Microsoft's registered copyrights and bearing Microsoft's registered trademarks or imitations thereof.

15. On or about June 27, 2003, Microsoft notified Defendants by letter that it had received reports that Defendants were distributing infringing copies of Microsoft software, installed on computer hard drives, and that such conduct constitutes an infringement of Microsoft's copyrights and trademarks.

16. In March 2004, Defendants distributed to an investigator multiple computer systems with unauthorized copies of Windows 2000 Professional installed on their hard disk drives.

17. On information and belief, these are not isolated incidents. Rather, Defendants have been and continue to be involved in advertising, marketing, installing and/or distributing

infringing copies of Microsoft's software to unidentified persons or entities. On information and belief, Defendants' distributions of purported Microsoft software are the result of Defendants' advertising and marketing the availability of such materials.

18. On information and belief, Defendants' wrongful conduct includes the advertising, marketing, installing, and/or distribution of "infringing materials," specifically reproductions, copies, or colorable imitations of the Microsoft copyrighted software and/or the Microsoft trademarks, logos, and service mark described in this Complaint.

19. On information and belief, Defendants have committed and are continuing to commit acts of copyright and trademark infringement against Microsoft. On information and belief, at a minimum, Defendants were willfully blind and acted in reckless disregard of Microsoft's registered copyrights and marks.

20. On information and belief, by their advertising activities and unauthorized use of Microsoft's marks to describe the items that they are distributing, Defendants have misappropriated Microsoft's advertising ideas and style of doing business and have infringed Microsoft's copyrights, titles, and slogans.

21. On information and belief, the injuries and damages that Microsoft has sustained have been directly and proximately caused by Defendants' wrongful misappropriation of Microsoft's advertising ideas and style of doing business and infringement of Microsoft's copyrights, titles, and slogans.

## COUNT I
**Copyright Infringement — 17 U.S.C. § 501, et seq.**
**Against Defendants**

22. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 21, inclusive.

23. Microsoft is the sole owner of Microsoft Windows 2000 Professional software and its corresponding copyright and Certificate of Registration.

24. Defendants have infringed the copyrights in Microsoft's software, including but not limited to Microsoft Windows 2000 Professional software, by distributing infringing materials in the United States without approval or authorization from Microsoft.

25. Defendants' conduct has been willful within the meaning of the Copyright Act. At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered copyrights.

26. As a result of their wrongful conduct, Defendants are liable to Microsoft for copyright infringement. 17 U.S.C. § 501. Microsoft has suffered damages. Microsoft is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct. 17 U.S.C. § 504. Alternatively, Microsoft is entitled to statutory damages under 17 U.S.C. § 504(c).

27. In addition, because Defendants' infringement has been willful within the meaning of the Copyright Act, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

28. Microsoft is also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's copyrights are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement harms Microsoft such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

29. Microsoft is also entitled to recover its attorneys' fees and costs of suit. 17 U.S.C. § 505.

## COUNT II

**Federal Trademark Infringement – 15 U.S.C. § 1114**
**Against Defendants**

30. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 29, inclusive.

31. Defendants' activities constitute infringement of Microsoft's federally registered trademarks and service mark in violation of the Lanham Trademark Act, including but not limited to 15 U.S.C. § 1114(1).

32. Because Microsoft advertises, markets, distributes, and licenses its software under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software is distinguished from the software or products of others in the same field or related fields.

33. Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify, software or services of Microsoft.

34. The infringing materials that Defendants have and are continuing to use, offer, advertise, market, install, or distribute are likely to cause confusion, mistake, or deception as to their source, origin, or authenticity.

35. Further, Defendants' activities are likely to lead the public to conclude, incorrectly, that the infringing materials that Defendants are advertising, marketing, installing, or distributing originate with or are authorized by Microsoft, to the damage and harm of Microsoft, its licensees, and the public.

36. Upon information and belief, Defendants used, offered, advertised, marketed, installed or distributed infringing material with the purposes of misleading, deceiving, or confusing customers and the public as to the origin and authenticity of the infringing materials and of trading upon Microsoft's goodwill and business reputation.

37. Defendants' conduct has been willful within the meaning of the Lanham Act. At a minimum, Defendants acted with willful blindness to and in reckless disregard of Microsoft's registered marks.

38. As a result of their wrongful conduct, Defendants are liable to Microsoft for trademark infringement. 15 U.S.C. § 1114(1). Microsoft has suffered, and will continue to suffer, substantial damages. Microsoft is entitled to recover damages, which include any and all profits Defendants have made as a result of their wrongful conduct. 15 U.S.C. § 1117(a).

39. In addition, because Defendants' infringement of Microsoft's trademarks and service mark was willful within the meaning of the Lanham Act, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. §1117(b).

40. Microsoft is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a). Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's trademarks and service mark are unique and valuable property which have no readily determinable market value, (b) Defendants' infringement constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the infringing materials, and (d) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

41. Microsoft is also entitled to recover its attorneys' fees and costs of suit. 15 U.S.C. § 1117.

**COUNT III**

**False Designation Of Origin, False Description And Representation Of Microsoft Packaging—15 U.S.C. § 1125 et seq. Against Defendants**

42. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 41, inclusive.

43. Because Microsoft advertises, markets, distributes, and licenses its software under the trademarks and service mark described in this Complaint, these trademarks and service mark are the means by which Microsoft's software is distinguished from the software or products of others in the same field or related fields.

44. Because of Microsoft's long, continuous, and exclusive use of these trademarks and service mark, they have come to mean, and are understood by customers, end users, and the public to signify, software or services of Microsoft.

45. Microsoft has also designed distinctive and aesthetically pleasing displays, logos, icons, graphic images, and packaging (collectively, "Microsoft visual designs") for its software and related components.

46. Defendants' wrongful conduct includes the use of Microsoft's marks, name, and/or imitation visual designs, specifically displays, logos, icons, graphic designs, and/or packaging virtually indistinguishable from Microsoft visual designs, in connection with its goods and services.

47. Upon information and belief, Defendants engaged in such wrongful conduct with the willful purpose of misleading, deceiving, or confusing customers and the public as to the origin and authenticity of the goods and services offered, marketed or distributed in connection with Microsoft's marks, name, and imitation visual designs, and of trading upon Microsoft's goodwill and business reputation. Defendants' conduct constitutes (a) false designation of origin, (b) false description, and (c) false representation that the imitation visual images originate

from or are authorized by Microsoft, all in violation of § 43(a) of the Lanham Trademark Act, set forth at 15 U.S.C. § 1125(a).

48. Defendants' wrongful conduct is likely to continue unless restrained and enjoined.

49. As a result of Defendants' wrongful conduct, Microsoft has suffered and will continue to suffer damages. Microsoft is entitled to injunctive relief and to an order compelling the impounding of all imitation marks and visual designs being used, offered, advertised, marketed, installed, or distributed by Defendants. Microsoft has no adequate remedy at law for Defendants' wrongful conduct because, among other things, (a) Microsoft's marks, name and visual designs are unique and valuable property which have no readily-determinable market value, (b) Defendants' advertising, marketing, installation, or distribution of imitation visual designs constitutes harm to Microsoft such that Microsoft could not be made whole by any monetary award, and (c) Defendants' wrongful conduct, and the resulting damage to Microsoft, is continuing.

## COUNT IV

### Unfair Competition Pursuant to N.J.S.A. § 56:4-1 Against Defendants

50. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 49, inclusive.

51. The acts and conduct of the Defendants as alleged in this Complaint constitute unfair competition as defined by New Jersey law. N.J.S.A. § 56:4-1.

52. The acts and conduct of the Defendants are likely to cause confusion and mistake among customers, end users and the public as to the origin or association of the Defendants' infringing Microsoft software. These acts and conduct are likely to lead the public to conclude, incorrectly, that the infringing Microsoft software distributed, solicited for distribution, offered, advertised and marketed by the Defendants originate with, are sponsored by, or are authorized by Microsoft, to the damage and harm of Microsoft, its licensees, and the public.

**COUNT V**

**New Jersey Common Law Unfair Competition
Against Defendants**

53. Microsoft repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 52, inclusive.

54. The acts and conduct of Defendants as alleged above in this Complaint constitute unfair competition pursuant to the common law of the State of New Jersey.

55. The acts and conduct of Defendants are likely to cause confusion and mistake among customers, end users and the public as to the origin or association of Defendants' infringing Microsoft software. These acts and conduct are likely to lead the public to conclude, incorrectly, that the infringing Microsoft software distributed, solicited for distribution, offered, advertised and marketed by Defendants originate with, are sponsored by, or are authorized by Microsoft, to the damage and harm of Microsoft, its licensees, and the public.

56. Defendants' conduct as alleged above has damaged and will continue to damage Microsoft and has resulted in an illicit gain of profit to Defendants in an amount that is unknown at the present time.

**COUNT VI**

**For Imposition Of A Constructive Trust Upon The
Illegal Profits Of All Defendants
Against Defendants**

57. Microsoft repeats and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 56, inclusive.

58. Defendants' conduct constitutes deceptive, fraudulent and wrongful conduct in the nature of passing off the infringing materials as genuine Microsoft software approved or authorized by Microsoft.

59. By virtue of their wrongful conduct, Defendants have illegally received money and profits that rightfully belong to Microsoft.

60. Upon information and belief, Defendants hold the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.

61. Defendants hold the money and profits they have illegally received as constructive trustees for the benefit of Microsoft.

## COUNT VII

### Accounting
### Against Defendants

62. Microsoft repeats and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 61, inclusive.

63. Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to recover any and all profits of Defendants that are attributable to their acts of infringement.

64. Microsoft is entitled, pursuant to 17 U.S.C. § 504 and 15 U.S.C. § 1117, to actual damages or statutory damages sustained by virtue of Defendants' acts of infringement.

65. The amount of money due from Defendants to Microsoft is unknown to Microsoft and cannot be ascertained without a detailed accounting by Defendants of the precise number of units of infringing material offered for distribution and distributed by Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Microsoft respectfully requests judgment against the Defendants as follows:

(1) That the Court enter a judgment against Defendants that they have:

(a) willfully infringed Microsoft's rights in the following federally registered copyrights under 17 U.S.C. § 501:

(1) TX 5-036-267 ("Windows 2000 Professional");

(b) willfully infringed Microsoft's rights in the following federally registered trademarks and service mark under 15 U.S.C. § 1114:

(1) 1,200,236 ("MICROSOFT");

(2) 1,256,083 ("MICROSOFT");

(3) 1,872,264 ("WINDOWS");

(4) 1,815,350 (COLORED WINDOWS LOGO);

(5) 1,816,354 (WINDOWS FLAG LOGO);

(c) committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading representation against Microsoft, in violation of 15 U.S.C. § 1125(a);

(d) engaged in unfair methods of competition in violation of N.J.S.A. § 56:4-1 and New Jersey common law; and

(e) otherwise injured the business reputation and business of Microsoft by Defendants' acts and conduct set forth in this Complaint.

(2) That the Court issue injunctive relief against Defendants, and that Defendants, their directors, principles, officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, be enjoined and restrained from:

(a) imitating, copying, or making any other infringing use or infringing distribution of software program, components, and/or items protected by Microsoft's registered trademarks and service mark, including, but not limited to, the following Trademark Registration Nos.:

(1) 1,200,236 ("MICROSOFT");

(2) 1,256,083 ("MICROSOFT");

(3) 1,872,264 ("WINDOWS");

(4) 1,815,350 (COLORED WINDOWS LOGO);

(5) 1,816,354 (WINDOWS FLAG LOGO);

or the software programs, components, and/or items protected by the following Certificates of Copyright Registration Nos.:

(1) TX 5-036-267 ("Windows 2000 Professional");

and any other works now or hereafter protected by any Microsoft trademark or copyright;

(b) manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting, or displaying any software programs, components, and/or items bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Microsoft's registered trademarks, service mark, or copyrights, including, but not limited to, the Trademark, Service Mark, and Copyright Registration Numbers listed in Section (2)(a) above;

(c) using any simulation, reproduction, counterfeit, copy, or colorable imitation of Microsoft's registered trademarks, service mark, or copyright including, but not limited to, the Trademark, Service Mark, and Copyright Registration Numbers listed in Section (2)(a) above, in connection with the manufacture, assembly, production, distribution, offering for distribution, circulation, sale, offering for sale, import, advertisement, promotion, or display of any software program, component, and/or item not authorized or licensed by Microsoft;

(d) using any false designation of origin or false description which can or is likely to lead the trade or public or individuals erroneously to believe that any software, component, and/or item has been manufactured, assembled, produced, distributed, offered for distribution, circulation, sold, offered for sale, imported, advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Microsoft, when such is not true in fact;

(e) engaging in any other activity constituting an infringement of any of Microsoft's trademarks, service mark and/or copyrights, or of Microsoft's rights in, or right to use or to exploit these trademarks, service mark, and/or copyrights; and

(f) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (e) above.

(3) That the Court enter an order declaring that Defendants hold in trust, as constructive trustees for the benefit of Microsoft, their illegal profits obtained from their distribution of infringing copies of Microsoft's software, and requiring Defendants to provide Microsoft a full and complete accounting of all amounts due and owing to Microsoft as a result of Defendants' illegal activities.

(4) That the Court order Defendants to pay Microsoft's general, special, actual, and statutory damages as follows:

(a) Microsoft's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of Microsoft's copyrights;

(b) Microsoft's damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b) for Defendants' willful violation of Microsoft's registered trademarks and service mark; and

(c) Microsoft's damages and Defendants' profits, trebled pursuant to N.J.S.A. § 56:4-2 and New Jersey common law;

(5) That the Court order Defendants to pay to Microsoft both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action; and

(6) That the Court grant to Microsoft such other and additional relief as is just and proper.

MONTGOMERY, McCRACKEN, WALKER
& RHOADS, LLP

By: ______________________
Richard S. Hyland
James D. Cashel

Dated: April 23, 2004.

# EXHIBIT 1

# CERTIFICATE OF REGISTRATION

UNITED STATES COPYRIGHT OFFICE * THE LIBRARY OF CONGRESS *

OFFICIAL SEAL

This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Marybeth Peters

REGISTER OF COPYRIGHTS

United States of America

**FORM TX**

For a Nondramatic Literary Work

UNITED STATES COPYRIGHT OFFICE

RE

TX 5-036-267

EFFECTIVE DATE OF REGISTRATION

2 17 00

Month Day Year

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1**

TITLE OF THIS WORK ▼

Microsoft Windows 2000 Professional

PREVIOUS OR ALTERNATIVE TITLES ▼ Microsoft Windows NT Workstation

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared. Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼ Number ▼ Issue Date ▼ On Pages ▼

**2**

a NAME OF AUTHOR ▼ Microsoft Corporation

DATES OF BIRTH AND DEATH Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☒ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE Name of Country OR { Citizen of ▶ Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK Anonymous? ☐ Yes ☒ No Pseudonymous? ☐ Yes ☒ No If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

Entire work - computer software program, documentation & text on product packaging

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

b NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE Name of Country OR { Citizen of ▶ Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK Anonymous? ☐ Yes ☐ No Pseudonymous? ☐ Yes ☐ No If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

c NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH Year Born ▼ Year Died ▼

Was this contribution to the work a "work made for hire"? ☐ Yes ☐ No

AUTHOR'S NATIONALITY OR DOMICILE Name of Country OR { Citizen of ▶ Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK Anonymous? ☐ Yes ☐ No Pseudonymous? ☐ Yes ☐ No If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Briefly describe nature of material created by this author in which copyright is claimed. ▼

**3**

a YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED This information must be given in all cases. 2000 ◀ Year

b DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK Complete this information ONLY if this work has been published. Month ▶ February Day ▶ 17 Year ▶ 2000

U.S.A. ◀ Nation

**4**

COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Microsoft Corporation
Law and Corporate Affairs
One Microsoft Way
Redmond, WA 98052

See instructions before completing this space.

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

DO NOT WRITE HERE OFFICE USE ONLY

APPLICATION RECEIVED FEB 17 2000

ONE DEPOSIT RECEIVED

TWO DEPOSITS RECEIVED FEB 17 2000

FUNDS RECEIVED

MORE ON BACK ▶ • Complete all applicable spaces (numbers 5-9) on the reverse side of this page. • See detailed instructions. • Sign the form at line 8.

DO NOT WRITE HERE

Page 1 of 2 pages

EXAMINED BY

CHECKED BY

FORM TX

☐ CORRESPONDENCE Yes

FOR COPYRIGHT OFFICE USE ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**5**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☒ Yes ☐ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☒ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼ TX 4-395-740 Year of Registration ▼ 1997

**6**

**DERIVATIVE WORK OR COMPILATION**

Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

a Previous version & files copyrighted by various third parties

See instructions before completing this space.

b Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

Additonal programming text, additional written text, and editorial revisions

**7**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

a Name ▼ Microsoft Corporation Account Number ▼ DAO63819

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

b Microsoft Corporation, ATTN: Judy Weston
One Microsoft Way
Redmond, WA 98052

Area code and daytime telephone number ▶ (425) 936-9104 Fax number ▶ (425) 936-4112

Email ▶ judywe@microsoft.com

**8**

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

Check only one ▶

☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of Microsoft Corporation

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Judy K.K. Weston Date ▶ February 16, 2000

Handwritten signature (X) ▼

X [signature]

The filing fee of $20.00 is effective through June 30, 1999. After that date, please write the Copyright Office, check the Copyright Office Website at http://www.loc.gov/copyright, or call (202) 707-3000 for the latest fee information.

**9**

Mail certificate to:

Certificate will be mailed in window envelope

Name ▼ Microsoft Corporation, ATTN: Judy Weston
Law and Corporate Affairs

Number/Street/Apt ▼ One Microsoft Way

City/State/ZIP ▼ Redmond, WA 98052

YOU MUST:
- Complete all necessary spaces
- Sign your application in space 8

SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable filing fee in check or money order payable to *Register of Copyrights*
3. Deposit material

MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

December 1998—65,000 PRINTED ON RECYCLED PAPER ☆U.S. GOVERNMENT PRINTING OFFICE: 1998-454-879/60,060

# EXHIBIT 2

Int. Cls.: 9 and 42

Prior U.S. Cls.: 26, 38 and 101

Reg. No. 1,200,236

United States Patent and Trademark Office — Registered Jul. 6, 1982

TRADEMARK
SERVICE MARK
Principal Register

# MICROSOFT

Microsoft (partnership)
Suite 819
10800 NE. 8th
Bellevue, Wash. 98004

For: COMPUTER PROGRAMS, in CLASS 9 (U.S. Cls. 26 and 38).

First use Nov. 12, 1975; in commerce Nov. 12, 1975.

For: COMPUTER PROGRAMMING SERVICES, in CLASS 42 (U.S. Cl. 101).

First use Nov. 12, 1975; in commerce Nov. 12, 1975.

Ser. No. 236,080, filed Oct. 22, 1979.

B. H. VERTIZ, Primary Examiner

CHERYL LYNNE HENDERSON, Examiner

## Certificate of Correction

Registered July 6, 1982 — Registration No. 1,200,236

Microsoft Corporation, by change of name and assignment from Microsoft

It is hereby certified that the above identified registration is in error requiring correction as follows:

In the statement, column 1, before line 1, *Microsoft Corporation (Washington corporation), 10700 Northup Way, Bellevue, Wash. 98004, by change of name and assignment from* should be inserted.

The said registration should be read as corrected above.

Signed and sealed this 3rd day of April 1984.

Attest:

No. 1200236

# THE UNITED STATES OF AMERICA

## CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof.

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks.

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for Twenty Years unless sooner terminated as provided by law.

In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this sixth day of July, 1982.

COMMISSIONER OF PATENTS AND TRADEMARKS

3-139
[illegible]

# EXHIBIT 3

N° 1256083

# THE UNITED STATES OF AMERICA

## CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for Twenty Years unless sooner terminated as provided by law.

In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this first day of November, 1983.

COMMISSIONER OF PATENTS AND TRADEMARKS

# EXHIBIT 4

# The United States of America

## CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, as amended, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for TEN years unless sooner terminated as provided by law.

In Testimony whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this tenth day of January 1995.

Commissioner of Patents and Trademarks

Int. Cl.: 9

Prior U.S. Cl.: 38

Reg. No. 1,872,264

# United States Patent and Trademark Office

Registered Jan. 10, 1995

## TRADEMARK
## PRINCIPAL REGISTER

## WINDOWS

MICROSOFT CORPORATION (DELAWARE CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 980526399

FOR: COMPUTER PROGRAMS AND MANUALS SOLD AS A UNIT; NAMELY, GRAPHICAL OPERATING ENVIRONMENT PROGRAMS FOR MICROCOMPUTERS, IN CLASS 9 (U.S. CL. 38).

FIRST USE 10-18-1983; IN COMMERCE 10-18-1983.

SEC. 2(F).

SER. NO. 74-090,419, FILED 8-20-1990.

ESTHER BELENKER, EXAMINING ATTORNEY

# EXHIBIT 5

# The United States of America

№ 1815350

## CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, as amended, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for TEN years unless sooner terminated as provided by law.

In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this fourth day of January 1994.

Bruce Lehman

Int. Cl.: 9

Prior U.S. Cls.: 26 and 38

Reg. No. 1,815,35
Registered Jan. 4, 199

# United States Patent and Trademark Office

## TRADEMARK
## PRINCIPAL REGISTER



MICROSOFT CORPORATION (DELAWARE CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 980526399

FOR: COMPUTERS AND PARTS THEREFOR, COMPUTER PERIPHERALS, AND COMPUTER PROGRAMS AND MANUALS THEREFOR, SOLD AS A UNIT FOR USE IN WINDOWING APPLICATIONS, IN CLASS 9 (U.S. CLS. 26 AND 38).

FIRST USE 9-1-1991; IN COMMERCE 9-1-1991.

THE DRAWING IS LINED FOR THE COLORS, RED, GREEN, YELLOW AND BLUE AND APPLICANT CLAIMS THESE COLORS AS INHERENT FEATURES OF THE MARK.

THE MARK COMPRISES A STYLIZED DESIGN OF A CONTRIVED FLAG.

SN 74-198,771, FILED 8-28-1991.

G. T. GLYNN, EXAMINING ATTORNEY

# EXHIBIT 6

# The United States of America

No 1816354

## CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, as amended, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for TEN years unless sooner terminated as provided by law.

In Testimony Whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this eleventh day of January 1994.

Int. Cl.: 9

Prior U.S. Cls.: 26 and 38

Reg. No. 1,816,354

# United States Patent and Trademark Office

Registered Jan. 11, 1994

## TRADEMARK
## PRINCIPAL REGISTER

MICROSOFT CORPORATION (DELAWARE CORPORATION)
ONE MICROSOFT WAY
REDMOND, WA 980526399

FOR: COMPUTERS AND PARTS THEREFOR, COMPUTER PERIPHERALS, AND COMPUTER PROGRAMS AND MANUALS THEREFOR, SOLD AS A UNIT FOR USE IN WINDOWING APPLICATIONS, IN CLASS 9 (U.S. CLS. 26 AND 38).

FIRST USE 9-1-1991; IN COMMERCE 9-1-1991.

THE MARK COMPRISES A STYLIZED DESIGN OF A CONTRIVED FLAG.

SN 74-193,768, FILED 8-12-1991.

G. T. GLYNN, EXAMINING ATTORNEY